NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENIS MARTIN CASTRO-MARTINEZ, a.k.a. Denis Martin Castro, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71366 <br><br> Agency No. A094-295-359 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Denis Martin Castro-Martinez, a native and citizen of Nicaragua, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In his opening brief, Castro-Martinez fails to raise any challenge to the agency's dispositive determination that his asylum application was time-barred. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief). Accordingly, his asylum claim fails.

Castro-Martinez testified to problems family members had with the Sandinistas twenty-five years previously. The agency found that Castro-Martinez failed to establish past persecution. The record does not compel a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only supports that conclusion, but compels it"). Because Castro-Martinez did not establish past persecution, he is not entitled to a presumption of future persecution by the Sandinistas. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, substantial evidence supports the agency's finding that Castro-Martinez did not

establish a clear probability of future persecution. *See id*. (finding speculative possibilities insufficient to be credited as a basis for fear of future persecution).

Finally, the record does not compel the conclusion that Castro-Martinez more likely than not will be tortured by, or with the consent or acquiescence of, the government if he returns to Nicaragua. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

10-71366